UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROL BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-01071-SRW |
| | ) |
| RAENA WINSCOTT, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Carol Brown for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Discussion

Plaintiff is a self-represented litigant who has filed a civil action alleging breach of contract against defendant Raena Winscott. (Docket No. 1 at 1). She asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship.

**A. Federal Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are

1

courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

### B.  Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). As noted above, plaintiff states that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See*

*also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

### C. Failure to Prove Subject Matter Jurisdiction

The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In this case, plaintiff has failed to establish the existence of subject matter jurisdiction for two reasons.

First, plaintiff has not shown that the amount in controversy exceeds the jurisdictional threshold. In point of fact, there is no amount alleged whatsoever. Plaintiff's form complaint contains a section for asserting a jurisdictional amount, but in that section, plaintiff has written "please review exhibits." (Docket No. 1 at 5). However, in the "Sworn Affidavit of Carol Brown" which is attached to the complaint, there is no mention of specific damages, and certainly no amount approaching $75,000. (Docket No. 1 at 7-8). Plaintiff references monetary figures of $4,000 and $2,000 respectively, but neither of these appear to relate to her financial losses, and are nevertheless well below the threshold.

Second, plaintiff has not established diversity between the parties. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as defendant. Here, though, plaintiff has provided Missouri addresses for both herself and defendant. Moreover, in the section

of the form complaint for demonstrating the citizenship of the parties, plaintiff has indicated that both herself and defendant are Missouri citizens. The Court notes that plaintiff has certified these assertions. (Docket No. 1 at 6). Because both plaintiff and defendant are citizens of the same state, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332, and the case appears subject to dismissal.

### D.  Order to Show Cause

As discussed above, plaintiff has the burden of establishing the Court's subject matter jurisdiction. In this case, she has asserted that the Court has jurisdiction under 28 U.S.C. § 1332. However, plaintiff has not provided a jurisdictional amount, and she has specifically indicated that there is no diversity of citizenship, as both herself and defendant are Missouri citizens. Therefore, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction. Plaintiff will be given **thirty (30) days** to submit a written response. Failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

### E.  Motion to Appoint Counsel

Plaintiff also filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting

testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court has determined plaintiff has failed to adequately allege the Court's subject matter jurisdiction, and has ordered her to show cause as to why this case should not be dismissed. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff is ordered to show cause in writing and within **thirty (30) days** of the date of this order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a show cause response in writing and within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 6th day of January, 2022.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE