**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CAROL BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-cv-01071-SRW |
| | ) |
| RAENA WINSCOTT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On January 6, 2022, the Court ordered plaintiff to show cause as to why her civil action should not be dismissed for lack of subject matter jurisdiction. Plaintiff was given thirty days in which to respond. More than thirty days have elapsed and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction.

### Background

Plaintiff is a self-represented litigant who filed a civil action on August 27, 2021, naming Raena Winscott as defendant. (Docket No. 1). The case alleged a breach of contract. The basis for the Court's jurisdiction was asserted to be diversity of citizenship pursuant to 28 U.S.C. § 1332.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The motion was granted on January 6, 2022. (Docket No. 5). Because plaintiff was proceeding in forma pauperis, the Court reviewed her complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was subject to dismissal for lack of subject matter jurisdiction. In particular, the Court noted that plaintiff had not established the existence of diversity of citizenship jurisdiction, as she had not alleged that the amount in

controversy was over the jurisdictional threshold, and because she asserted that both she and the defendant were citizens of Missouri.

Rather than dismissing outright, the Court directed plaintiff to file a show cause response in writing as to why this action should not be dismissed. Plaintiff was given thirty days in which to respond. The response was due on February 7, 2022. Plaintiff was advised that the failure to respond would result in the dismissal of this case without prejudice and without further notice. Despite being given more than thirty days, plaintiff has failed to comply.

## Discussion

Plaintiff is a self-represented litigant who filed this civil action alleging a breach of contract. On initial review, the Court determined that plaintiff had failed to properly assert subject matter jurisdiction. She was given an opportunity to file a show cause response, but has failed to submit anything to the Court. For the reasons discussed below, the Court must dismiss this case without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).

### A. Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every

federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

In this case, plaintiff has not proved that either federal question or diversity of citizenship jurisdiction exists.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).

The complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In this case, plaintiff has not specifically asserted the existence of federal question jurisdiction. For the sake of completeness, however, the Court notes that no federal question appears on the face of plaintiff's complaint. Plaintiff's complaint is premised on a breach of contract between herself and another individual. There is no indication that the defendant acted under color of state law or violated a federally protected constitutional right, such as might support an action under 42 U.S.C. § 1983. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (stating that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"). Furthermore, plaintiff does not list any federal statute or treaty as being at issue, and does not allege that defendant is a federal official. For all these reasons, plaintiff has not sufficiently demonstrated that the Court has federal question jurisdiction.

C. **Diversity Jurisdiction**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan*

*ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has failed to establish the presence of diversity of citizenship jurisdiction for two reasons. First, plaintiff has not shown that the amount in controversy exceeds the jurisdictional threshold. There is no amount in controversy alleged whatsoever. Plaintiff's form complaint contains a section for asserting a jurisdictional amount, but in that section, plaintiff has written "please review exhibits." (Docket No. 1 at 5). In the "Sworn Affidavit of Carol Brown" attached to the complaint, there is no mention of specific damages, and no amount approaching $75,000. (Docket No. 1 at 7-8). Plaintiff references monetary figures of $4,000 and $2,000 respectively, but neither of these appear to relate to her financial losses, and are nevertheless well below the jurisdictional threshold.

Second, and more importantly, plaintiff has not established diversity between the parties. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as defendant. Here, though, plaintiff has provided Missouri addresses for both herself and the defendant. Moreover, in the section of the form complaint for demonstrating the citizenship of the parties, plaintiff has indicated that both herself and defendant are Missouri citizens. (Docket No. 1 at 4). The Court notes that plaintiff has certified these assertions. (Docket No. 1 at 6). Because both plaintiff and defendant are citizens of the same state, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. For all these reasons, plaintiff has not sufficiently demonstrated that the Court has diversity jurisdiction.

**D. Order of Dismissal**

Under Federal Rule of Civil Procedure 12(h)(3), the Court is required to dismiss an action "at any time" if it determines that it lacks subject matter jurisdiction. Upon initial review, the Court observed that plaintiff had failed to adequately allege diversity jurisdiction under 28 U.S.C. § 1332. The Court then gave plaintiff the opportunity to file a response, stating her position. The time for filing that response has expired without plaintiff filing anything. Because plaintiff has not properly alleged jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the Court must dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of February, 2022.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**